IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTINIZING INTERNATIONAL LLC, a Michigan limited liability company, Assignee Of DCSA, LLC, <br><br>　　　　　　　Plaintiff, <br><br>　v. <br><br>JAMES R. BLOSSER and D'ARCY B. BLOSSER, Jointly and Severally, <br><br>　　　　　　　Defendants. | Case No. _____ <br><br>**COMPLAINT** |

Plaintiff Martinizing International, LLC ("Martinizing International" or "Franchisor"), as assignee of DCSA, LLC, by and through its undersigned counsel, states the following as its Complaint against the above-mentioned Defendants:

### THE PARTIES

1. Plaintiff Martinizing International, is a Michigan limited liability company with its principal place of business in Berkley, Michigan. Martinizing International is the assignee of certain assets from DCSA, LLC and is engaged in the business of franchising the Dry Cleaning Station drycleaning system throughout North America.

2. Upon information and belief, Defendant James R. Blosser is a citizen and resident of the State of Nebraska.

3. Upon information and belief, Defendant D'Arcy B. Blosser is a citizen and resident of the State of Nebraska.

4. Defendants are husband and wife and are jointly referred to herein as the "Blossers".

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act, 15 U.S.C. §1051 et seq.), 28 U.S.C. §1331 (Federal question jurisdiction) and 28 U.S.C. §1338. It also has supplemental jurisdiction over the state law claims, pursuant to 28 U.S.C. §1367.

6. This Court may property exercise personal jurisdiction over all of the Defendants because they are residents of the State of Nebraska, and because Defendants' actions have given rise to injuries in the State of Nebraska.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims presented in this action occurred in this judicial district.

## COMMON ALLEGATIONS

**Martinizing International as a Franchisor and Licensor of the Dry Cleaning Station Trademarks**

8. Martinizing International owns a unique and valuable drycleaning system and uses that system as the franchisor of the Dry Cleaning Station franchise system.

9. In connection with its franchise drycleaning system, Martinizing International, as DCSA, LLC's assignee, owns a federal registration for the mark DRY CLEANING STATION®, Registration No. 1903985 (the "Mark"). The registration for the Mark is in full force and effect, and is incontestable pursuant to 15 U.S.C. § 1065.

10. Martinizing International and/or its assignor, has used the Mark continuously at all times relevant to this action.

11. "Dry Cleaning Station Stores" have become well and favorably known nationwide. By virtue of the widespread use, promotion and recognition of the Mark, Martinizing International has acquired a valuable commercial distinctiveness.

12. Substantial amounts of money have been spent in establishing the Mark, thus enabling customers to rely upon the name when choosing a dry cleaner. This benefit is passed on to franchisees of Martinizing International through national and international brand-name recognition, proven operating systems to provide the franchisees a significant competitive edge.

### Defendants' Willful and Unlawful Use of the Mark

25. On November 17, 1995, the Blossers entered into a franchise agreement (the "Franchise Agreement") (Exhibit 1) for the operation of a Dry Cleaning Station store located in Lincoln, Nebraska (the "Franchised Location").

26. The Franchise Agreement set forth the Blossers' rights (and limitations) with respect to their use of the Mark in operation of the Franchised Location.

27. The Franchise Agreement expired on November 17, 2010 (Exhibit 1, §5.1).

28. Upon expiration of the Franchise Agreement, the Blossers were required to abide by the certain post-termination obligations, including a post-termination two (2) year covenant not-to-compete (Exhibit 1, §§18.2).

29. Since expiration of the Franchise Agreement, Defendants have used, and continue to use, the Mark in the operation of the Franchised Location (as well as a second location in Lincoln, Nebraska) without the approval or authorization of Martinizing International. Attached hereto are photos of the exterior of the two (2) Franchised Locations currently operated by Defendants and clearly displaying the Mark (Exhibit 2: Pictures).

30. Defendants continued to pay royalties to Martinizing International's predecessor, DSCA, LLC following expiration until October 2014. However, despite continuing to use the Mark, Defendants have not paid Martinizing International (or its Assignor) any consideration since October 2014.

31. Upon learning of the Defendants' infringing use of the Mark, Martinizing International delivered to Defendants a notice of trademark infringement and demanded that Defendants immediately cease use of the Mark. (Exhibit 3: Cease and Desist Letter).

32. Defendants, while stating through its legal counsel that they were in the process of de-identifying, has refused to cease their use of the Mark and willfully continue to use the Mark (as well as Martinizing International's trade dress) in the operation of the Dry Cleaning Station stores at the Franchised Locations.

33. As of the date of this Complaint, Defendants are still engaged in the business of providing drycleaning services using the Mark in violation of the Lanham Act and Nebraska's common law.

34. As of the date of this Complaint, Defendants are still engaged in the business of providing drycleaning services in violation of Section 18.2 of the Franchise Agreement.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

35. Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

36. Defendants' use of the Mark and trade dress in the operation of the drycleaning stores at the Franchised Locations is done without Martinizing International's authorization or consent.

37. Defendants' use in commerce of the Mark and trade dress is likely to confuse or deceive the public into believing, contrary to fact, that the unauthorized activities of Defendants are licensed, franchised, sponsored, authorized, or otherwise approved by Martinizing International. Such unauthorized use of Martinizing International's trademarks and trade names infringes exclusive rights in the Mark and trade dress under §32 of the Lanham Act, 15 USC § 1114 and 1125, and applicable state law.

38. Upon information and belief, the acts of Defendants were and are being done willfully, knowingly and intentionally and in conscious disregard of Martinizing International's rights.

39. As a direct result of Defendants' unlawful conduct, Martinizing International has suffered and is continuing to suffer irreparable injury.

40. If Defendants' infringement is allowed to continue, Martinizing International will sustain further loss, damage and irreparable injury.

## COUNT II

## COMMON LAW TRADEMARK INFRINGMENT

41. Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

42. Defendants' conduct as set forth above constitutes trademark infringement in violation of the common law.

43. Upon information and belief, Defendants' conduct is willful, intentional and in conscious disregard for Martinizing International's rights.

44. As a direct result of Defendants' violations of the common law, Martinizing International has suffered loss and damage in an amount to be determined at trial.

45. Martinizing International also is entitled to injunctive relief enjoining Defendants from further and continuing infringement of the Mark and trade dress.

## COUNT III

## UNFAIR COMPETITION

46. Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

47. The use in commerce of the Mark by Defendants without the consent of Martinizing International is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of their goods, services, or commercial activities by another person.

48. Such unauthorized use of Martinizing International's trademarks and trade names violates §43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

49. The acts of Defendants were and are being done knowingly and intentionally to cause confusion, or to cause mistake, or to deceive.

50. As a result of Defendants' actions, Martinizing International has suffered and is continuing to suffer irreparable injury.

## COUNT IV

## UNJUST ENRICHMENT

51. Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

52. Defendants have received and are receiving a benefit from Martinizing International by using the Mark and trade dress and trading upon Martinizing International's goodwill.

53. As a result of Defendants' wrongful conduct, Defendants have been unjustly enriched such that it would be unjust and inequitable for Defendants to enrich themselves at the expense of Martinizing International.

54. As a result of Defendants' unjust enrichment, Defendants should be ordered to disgorge all profits made by and as a result of their infringement of the Mark and trade dress, and Martinizing International should be awarded all losses and damages it has suffered as a result of Defendants' wrongful conduct in an amount to be determined at trial.

## COUNT V

### VIOLATION OF THE NEBRASKA DECEPTIVE TRADE PRACTICES ACT AGAINST DEFENDANTS

55. Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

56. Defendants' conduct, as described above, violates the Nebraska Deceptive Trade Practices Act, NEB. REV. STAT. § 87-301, *et seq*.

57. Upon information and belief, Defendants' conduct is willful, intentional and in conscious disregard for Martinizing International's rights.

58. As a direct and proximate result of Defendants' violations of the Nebraska Deceptive Trade Practices Act, Martinizing International has suffered loss and damage in an amount to be determined at trial.

59. Martinizing International also is entitled to recover Defendants' profits earned as a result of its infringement of the Mark and trade dress.

60. Martinizing International is also entitled to preliminary and permanent injunctive relief enjoining Defendants from further violations of the Minnesota Deceptive Trade Practices Act.

## COUNT VI

## BREACH OF FRANCHISE AGREEMENT

61.  Martinizing International repeats and incorporates herein the allegations contained in the paragraphs above.

62.  Defendants have breached their contractual post-termination obligations under Section 17.1 of the Franchise Agreement by, among other reasons:

   a.  willfully and deliberately using the Mark and drycleaning system without permission;

   b.  directly representing to the public that Defendants are still affiliated and/or connected to the Dry Cleaning Station franchise system;

   c.  holding themselves out as a Dry Cleaning Station franchisee;

   d.  failing to immediately turning over to Franchisor all manuals and confidential instructions or materials received from Franchisor;

   e.  failing to take such action necessary to discontinue use of the Mark in yellow pages, white pages, the internet or other directory listings and discontinue use of the Mark in any business licenses or equivalent registrations;

   f.  failing to execute the required documents necessary to effectuate the termination and discontinuation of the Mark; and

   g.  failing to abide by those restrictions pertaining to use of the Franchisor's confidential information, trade secrets and know how set forth in the Franchise Agreement.

63.  Defendants have further breached their post-termination obligations under the Franchise Agreement by continuing to compete with Martinizing International in violation of the

non-competition provisions contained in Section 18.2 of the Franchise Agreement. (Exhibit 1, §18.2).

64. As of the date of this Complaint, Defendants are still engaged in the business of providing drycleaning services in violation of the non-competition provisions contained in the Franchise Agreement and are using or displaying the Mark in violation of the Franchise Agreement and the Lanham Act.

65. Defendants' conduct as described in this Complaint constitutes a breach of their obligations under Sections 17.1 and 18.2 of the Franchise Agreement.

66. Said breaches have caused, and will continue to cause, monetary damage to Martinizing International in the form of lost business, lost profits, loss of customers and goodwill, damage to business reputation, the unjust enrichment of Defendants and Martinizing International's inability to market Defendants' former franchise territories to new franchisees.

67. As a direct and proximate result of these actions, Martinizing has incurred and is continuing to incur substantial monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Martinizing International prays that this Court:

1. Enter a declaratory judgment holding that Defendants' conduct violated the terms of the Franchise Agreement;

2. Enter judgment in favor of Martinizing International in an amount to be determined at trial and that such damages be assessed in a separate accounting procedure and trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

3. Enter an injunction order enjoining Defendants, and all those acting in concert with them, by preliminary and permanent injunction, from using and infringing upon the Mark

and the trademarks, trade name and trade dress associated with Martinizing and owned by Martinizing International and from otherwise engaging in unfair competition with Martinizing International.

  4. An order requiring Defendants to file with the Court and serve on Martinizing International, within thirty (30) days after the service of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction;

  5. Enter an injunctive order directing Defendants to comply with all of their post-termination obligations as provided in Sections 17.1 and 18.2 of the Franchise Agreement, including but not limited to complying with the covenants not to compete contained in the Franchise Agreement;

  6. An order awarding Martinizing International prejudgment interest in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117 and applicable common law;

  7. Award Martinizing its costs and attorneys' fees incurred in connection with this action, pursuant to §35 of the Lanham Act, 15 U.S.C. § 1117, including the costs incurred in conducting any and all necessary inspections; and

  8. For such other and further relief as the Court deems just, reasonable, and equitable.

DATED this 21st day of June, 2016.

        MARTINIZING INTERNATIONAL LLC

BY:    O'NEILL HEINRICH DAMKROGER BERGMEYER & SHULTZ PC LLO and ADAM J. PROCHASKA – 22307
800 Lincoln Square, 121 S. 13th Street
P.O. Box 82028
Lincoln, NE 68501-2028
(402) 434-3000
aprochaska@ohdbslaw.com

BY:    s/ Adam J. Prochaska
        One of Said Attorneys

AND

        KOSTOPOULOS RODRIGUEZ, PLLC and K. DINO KOSTOPOULOS - P57071
550 W. Merrill St., Ste. 100
Birmingham, MI 48009
Phone: (248) 268-7800
Fax: (248) 268-7801
dino@korolaw.com

BY:    s/ K. Dino Kostopoulos
        One of Said Attorneys

I:\592\03\001\Complaint -Blosser FINAL.docx